IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DEAN GRIFFIN,                )
                             )
        Plaintiff,           )
                             )
v.                           )    Case No. CIV-16-158-RAW-KEW
                             )
NANCY A. BERRYHILL, Acting   )
Commissioner of Social       )
Security Administration,     )
                             )
        Defendant.           )

**REPORT AND RECOMMENDATION**

Plaintiff Dean Griffin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 52 years old at the time of the ALJ's decision. Claimant completed his high school education and two years of college.  Claimant has worked in the past as a farmer, box maker, and chicken/poultry hanger.  Claimant alleges an inability to work beginning on June 28, 2012 due to limitations caused by pain in the neck, arm, hand, leg, and back; PTSD; anxiety disorder; social disorders; nasal problems; hearing loss; degenerative disc disease with associated pain; bilateral carpal tunnel syndrome status post

3

right carpal tunnel release; status post torn left meniscus surgery; impingement syndrom left shoulder; right rotator cuff tendonitis/bursitis; affective mood disorder; schizophrenic disorder by history; and substance addiction disorders.

## Procedural History

On August 28, 2012, Claimant protectively filed for for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 24, 2014, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On November 21, 2014, the ALJ issued an unfavorable decision. On March 3, 2016, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC")

4

to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) reaching a flawed RFC; and (2) failing to properly state the weight accorded each opinion by medical providers.

## RFC Evaluation

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease with associated pain; bilateral carpal tunnel syndrome status post right carpal tunnel release; status post torn left meniscus surgery; impingement syndrom left shoulder; right rotator cuff tendonitis/bursitis; affective mood disorder; schizophrenic disorder by history; anxiety disorder; and substance addiction disorders.  (Tr. 21).  The ALJ concluded that Claimant retained the RFC to perform light work.  In so doing, the ALJ found Claimant could lift/carry 20 pounds occasionally and ten pounds frequently; stand/walk for six hours in an eight hour workday; sit for six hours in an eight hour workday; occasionally climb, stoop, kneel, crouch, crawl, and grasp bilaterally.  Claimant could occasionally finger with his right dominant hand and occasionally reach overhead bilaterally.  Due to psychologically based factors, Claimant could perform unskilled work (work which needs little or no judgment to do simple duties that

could be learned on the job in a short period of time); only occasionally be required to understand, remember, and complete detailed instructions because he has marked limitations in this area. Claimant's supervision must be simple, direct, and concrete, where interpersonal contact with co-workers would be incidental to the work performed, such as assembly work, and he had no contact with the public. (Tr. 29).

After consulting with a vocational expert, the ALJ found Claimant could perform the representative job of conveyor line bakery worker, which the ALJ determined existed in sufficient numbers both nationally and regionally. (Tr. 36-37). As a result, the ALJ determined Claimant was not under a disability from June 28, 2012 through the date of the decision. (Tr. 37).

Claimant contends the ALJ erred by limited Claimant to "unskilled work" in the RFC, asserting that such a limitation does not accommodate mental impairments. Claimant argues that the prevailing case authority finds the "unskilled work" limitation only accounts for issues of skill transfer, citing Groberg v. Astrue, 505 Fed.Appx. 763, 770 (10th Cir. Dec. 14, 2012). In the particular facts of this case, the ALJ did not stop at limiting Claimant to "unskilled work" but then went on to define the term as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." This self-defined term does

not limit the functional restriction to skill transfer but encompasses mental functional limitations within the RFC. Claimant is attempting to apply a general proposition to a specific situation which deviates from the factual circumstance contained in the case cited. The ALJ did not err in the use of the term "unskilled work" as expressly defined.

Claimant also contends the vocational expert deviated from the *Dictionary of Occupational Titles ("DOT")* without explanation, thereby precluding the ALJ from relying upon the testimony in his decision. The ALJ limited the RFC to light work with a particular restriction of occasional fingering with Claimant's right dominant hand and occasional reaching overhead bilaterally. (Tr. 29). The conveyor line bakery worker identified by the vocational expert requires light work and only occasional reaching with no fingering. *DOT* 524.687-022. As a result, no inconsistency existed which required further explanation by the vocational expert.

Claimant contends the ALJ's RFC assessment was internally inconsistent because he found Claimant could "occasionally understand, remember and complete detailed instructions because he had marked limitations in this area. . . ." (Tr. 29). Claimant argues that the restriction to "occasional" activity is inconsistent with a finding of "marked limitations". Cryptically, Claimant

concludes his argument by stating, "[t]hat is an internally inconsistent RFC, but adds nothing to the Court's analysis here." *Claimant's Brief in Chief*, (Docket Entry #15), p. 5. This begs the question as to why the issue was raised if it does not further the Court's inquiry. In any event, the error here was harmless as the occupation identified by the ALJ, Bakery Worker, Conveyor Line, did not require the understanding, remembering, or completing of detailed instructions. *See DOT*, 524.687-022.

Claimant also asserts the ALJ failed to include a requirement for the use of a cane when Tonya J. Boles, PA-C referenced the cane in her report. The ALJ recognized and considered Ms. Boles' prescription for a cane in his decision. (Tr. 26). He legitimately determined that, despite this prescription, no report of an abnormal gait appeared in the record. (Tr. 35). His orthopedic surgeon reported Claimant had 5/5 strength. (Tr. 655). Based upon the ALJ's interpretation of this conflicting evidence, he "acted within his province to determine the appropriate weight to be attributed to the evidence in order to resolve the conflict."

Boss v. Barnhart, 67 Fed. App'x 539, 542-43 (10th Cir. 2003).

Further, Claimant contends the ALJ should have included restrictions in the RFC for his hearing loss. The ALJ acknowledged

the mild to severe sensorium hearing loss with good SDS on the right and fair SDS on the left found by Dr. Mark Sehgal. (Tr. 26). He also found that Dr. Sehgal only recommended the use of hearing protection, controlling background noise, use of visual cues and selective seating to enhance communication and trial of binaural amplification. Id. The ALJ also noted Dr. Leah Holly's consultative evaluation wherein she documented the audiology report indicating Claimant lost high frequency hearing, not significantly impacting the conversational range. (Tr. 34, 127). Again, the ALJ was within his province to weigh this evidence and decline to include restrictions for hearing loss in the RFC.

## Consideration of Opinion Evidence

Claimant asserts the ALJ failed to state the weight he gave to Ms. Boles' opinion. He notes that the ALJ quoted Ms. Boles' findings extensively throughout the opinion but that the ALJ did not agree that Claimant required a cane for assistance. This contradicts Ms. Boles' prescribing a cane for Claimant.

Defendant responds that the prescription of a cane is not the type of opinion evidence which requires weighing but was one piece of evidence for the ALJ to consider in reaching an RFC. It is apparent from the face of the decision that the ALJ largely accepted the opinion of Ms. Boles as an "other medical source". 20 C.F.R. §

404.1513(d)(1). The ALJ's decision is "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave" to this "other medical source". Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003)). Moreover, the fact Ms. Boles prescribed a cane for Claimant does not represent an opinion which must be weighed but rather constitutes evidence which the ALJ is required to evaluate in formulating an RFC. Soc. Sec. R. 96-9P. This Court finds no error in the manner in which the ALJ addressed Ms. Boles' findings.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of July, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

11